UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: <br><br> WILLIAM JOSEPH NOLAN, III AND <br> MARTHA LOUISE HEMPHILL NOLAN, <br><br> Debtors | Case No. 09-31456 <br><br> Chapter 11 |

**MOTION TO CONVERT CASE TO CHAPTER 7**

Providence Downs South Homeowner's Association ("Homeowners Association"), pursuant to Section 1112 of the U.S. Bankruptcy Code, moves this Court to convert this case to a Chapter 7 and for the appointment of a Trustee. In support thereof, the Homeowners Association shows the Court as follows:

1.  On June 5, 2009 (the "Petition Date") the Debtors commenced this bankruptcy case by filing a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors were the principals of various entities listed as d/b/a's in the caption of this case, as well as principals of Marvin-Waxhaw Associates, LLC, the developer of Providence Downs Subdivision and the subject of its own Chapter 11 case.

2.  ("Homeowners Association") is a North Carolina nonprofit corporation formed pursuant to the North Carolina Planned Community Act, N.C. Gen. Stat. §47F-1-101 *et. seq.* ("Planned Community Act"), to serve as the homeowners association for a neighborhood of single-family homes located in Union County, North Carolina developed by the Debtors and known as Providence Downs South (the "Subdivision").

3. The Homeowners Association has filed a Proof of claim in the amount of $5,073,763.50 in this case for, among other things, the value of the common areas of the Subdivision that have not been conveyed to the Homeowners Association, misappropriation of funds by the Debtors, and incomplete amenities. Therefore, the Homeowners Association is a party in interest in this matter.

4. Section 1112(b)(1) provides that "[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **shall convert** a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

5. Cause is defined in 1112(b)(3) and includes: (1). unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (2) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; and (3) failure to timely pay taxes owed after the date of the order for relief.

6. The Debtors have failed to file any monthly reports since their report for July or to pay their quarterly fees since June 2009.

7. The exclusivity period for the Debtors to file a Plan expired on or about October 7, 2009 and the Debtors have filed no Plan or Disclosure Statement and have not requested an extension of the exclusivity period. Therefore, it appears, the Debtors are unable to file a Plan of Reorganization.

8. The Debtors failed to pay property taxes on property owned by them or owned by entities controlled by them beginning in 2008.

9. According to allegations contained in the Motion to Lift Stay filed by the Estate of Marvin L. Little and Lavonne W. Little on or about November 12, 2009, the Debtors and Marvin-Waxhaw, LLC have violated state and local water quality control laws and regulations in the development of the Subdivision.

10. In addition, on or about May 26, 2009, the Homeowners Association filed a Complaint in Union County seeking, among other things, to obtain control over the operations and management of the Homeowners Association based on allegations of breach of fiduciary duty and mismanagement, among other things. A true and correct copy of the Verified Complaint is attached hereto as Exhibit "1".

11. On June 8, 2009, the Union County Superior Court Judge granted the homeowner's control of the Homeowners Association through the issuance of its Temporary Restraining Order. A true and correct copy of the Temporary Restraining Order is attached hereto as Exhibit "2".

12. On November 12, 2009, the Estate of Marvin L. Little and Lavonne W. Little (the "Littles") filed a Motion for Relief from Stay seeking to obtain permission to foreclose on its Deeds of Trust covering property in the Providence Downs South Subdivision.

13. According to the documents attached to The Littles' Motion for Relief from Stay, the Deeds of Trust covering 16 lots in Providence Downs South, Lot 177 in Providence Downs South and six undeveloped acres in Providence Downs South and Lot 158 in Providence Downs South were pledged by the Debtor to secure the indebtedness of the Debtors.

14. Although the corrective documents filed by the Littles attempt to establish sufficient consideration for the pledge of the property of Marvin-Waxhaw Associates, LLC to secure the debt of the Debtors, there has been no investigation by anyone associated with this case to determine whether or not Marvin-Waxhaw Associates, LLC received sufficient consideration for the pledge of its property to secure the debt of another.

15. In addition, the Nolans allegedly took a Deed of Trust on the Subdivision to secure an alleged loan to the Debtor. No one has investigated whether the Nolans transferred any money to the Debtor in exchange for the Deed of Trust, whether any money transferred to the Debtor by the Nolans was debt, rather than an equity injection or whether any obligation owed to the Nolans by the Debtor should be equitably subordinated to the claims of the Homeowner's Association and the Homeowner's.

16. Furthermore, the entertwining of all of the businesses owned by the Debtors, the lack of sufficient information regarding their operation and whether the Debtors recognized any corporate formalities make the conversion of this case and the appointment of a Chapter 7 Trustee imperative.

17. The Homeowner's Association has established sufficient cause for the conversion of this case to a Chapter 7 and has shown this Court that it is in the best interest of the creditors that a Trustee be appointed to examine the Nolans and all of the related entities.

WHEREFORE, the Homeowner's Association moves this Court to convert this case to a Chapter 7 and for the appointment of a Trustee.

Respectfully submitted, this the 24th day of November, 2009.

**JOHNSTON, ALLISON & HORD, P.A.**

By: /s/ Constance L. Young
Constance L. Young
N.C. State Bar No. 16115
1065 East Morehead Street
Charlotte, NC 28204
Telephone: 704.332-1181
Facsimile: 704.376-1628
Email: cyoung@jahlaw.com
ATTORNEYS FOR PROVIDENCE DOWNS SOUTH HOMEOWNER'S ASSOCIATION, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion of Providence Homeowners Association to Convert this Case to a Chapter 7 and for Appointment of Trustee* was served on the parties listed below by mailing a copy to each party in an envelope addressed as indicated below with proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office on the 24th day of November, 2009:

Richard M. Mitchell
Mitchell & Culp, PLLC
1001 Morehead Square Drive, Suite 330
Charlotte, NC 28203
*Attorneys for Debtors*

David Anderson Carmen
Bell, Davis & Pitt, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029
*Attorneys for Vulcan Construction Materials, LP*

Amy Pritchard Williams
Kennedy, Covington, Lobdell & Hickman
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
*Attorneys for Alexander Cyclone Covey, Anne Marie Jackson, Estate of Marvin Little, Janet Covey, John Luther Covey, Levonne Little, Mary Jackson and Susan Meredith Jackson*

Paul A. Fanning
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, NC 28735-8088
*Attorneys for John Deere Construction & Forestry Company*

A. Michelle Hart
McCalla Raymer Padrick Cobb et al
1544 Old Alabama Rd.
Roswell, GA 30076
*Attorneys for America's Servicing Company*

R. Keith Johnson
1275 South Hwy 16
Stanley, NC 28164
*Attorneys for Branch Banking & Trust Company (BB&T)*

Pamela P. Keenan
Kirschbaum, Nanney, Keenan & Griffin
2418 Blue Ridge Road, Suite 200
Post Office Box 19766
Raleigh, NC 27619
*Attorneys for GMAC*

Rebecca A. Leigh
Law Offices of Rebecca A. Leigh
301 S. Greene Street
Suite 201
Greensboro, NC 27401
*Attorneys for Colonial Pacific Leasing Corporation, assignee of GE Capital Commercial Inc.*

494151 v.1 – 26772.0001                    6

Michael F. Schultze
Cranford, Schultze, Tomchin and Allen PA
7257 Pineville-Matthews Road
Suite 2100
Charlotte, NC 28226
*Attorneys for Estate of Melvin T. Graham*

U.S. Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669

/s/ Constance L. Young
Constance L. Young