

FILED & JUDGMENT ENTERED
David E. Weich

Mar 30 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_George R. Hodges_
George R. Hodges
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

| | |
|---|---|
| In re:<br><br>MARVIN-WAXHAW ASSOCIATES, LLC,<br><br>　　　　　　　　　Debtor. | Chapter 11<br>Case No. 09-31455 |
| In re:<br><br>WILLIAM JOSEPH NOLAN, III and MARTHA LOUISE HEMPHILL-NOLAN,<br><br>　　　　　　　　　Debtors. | Chapter 11<br>Case No. 09-31456 |

### ORDER (A) AUTHORIZING TRUSTEE TO SELL REAL PROPERTY LOTS IN THE ORDINARY COURSE OF BUSINESS, (B) TO PAY SALES COMMISSION TO WILLIAM J. NOLAN, III, (C) APPROVING THE SALE OF LOT 192 MAGEE VALLEY, AND (D) AUTHORIZING THE TRUSTEE TO INCUR POST-PETITION CREDIT BETWEEN ESTATES AS REASONABLY NECESSARY

This matter having come on for hearing on March 24, 2010 upon the *Motion for (A) Authority to Sell Real Property Lots in the Ordinary Course of Business, (B) to Pay Sales Commission to William J. Nolan, III, (C) to Approve the Sale of Lot 192 Magee Valley, and (D) for Authority to Incur Post Petition Credit Between Estates as Reasonably Necessary* ("Motion") filed by Edward P. Bowers (the "Trustee" or

"Bowers"), the Chapter 11 Trustee of Marvin-Waxhaw Associates, LLC ("Marvin-Waxhaw") and of William Joseph Nolan, III and Martha Louise Hemphill-Nolan (the "Nolans"), through counsel, and it appearing that due and proper notice of the relief requested was given. At the hearing, Anna S. Gorman and Joseph W. Grier, III of Grier Furr & Crisp, PC appeared on behalf of the Trustee and A. Lee Hogewood, III of K&L Gates, LLP appeared on behalf of the Estate of Marvin L. Little and Lavonne W. Little (the "Littles"). The Court, having reviewed the pleadings and the record in this case and having given consideration to the arguments of counsel, finds and concludes as follows:

1. This Court has jurisdiction to hear the Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtors are in the business of developing raw real estate into single-family residential neighborhoods and selling vacant lots as well as newly built homes to individuals.

3. The Debtors own developed residential real estate lots (the "Lots") more particularly described on Exhibit A attached to the Motion.

4. The marketing, negotiation and sale of Lots is in the "ordinary course of business" under §363(c)(1) in these cases and, as Lots are sold, will not require individual motions and orders for the purpose of entering into sales contracts and consummating with potential buyers of Lots.

5. Debtor William J. Nolan, III continues to market the Lots for the benefit of the estates and is instrumental to the process of working with potential buyers to

negotiate and consummate sales. The Trustee will rely on William Nolan to handle day-to-day issues related to the continued marketing and sale of Lots and proposes to pay him 6% of the sales price to be paid into his bankruptcy estate, reduced by any commission paid to other realtors, out of sales proceeds as a reasonable commission for such services.

6. Marvin-Waxhaw held title to a Lot described as Lot 192, MaGee Valley situated in the Providence Downs South development as shown on a plat thereof recorded in Plat Cabinet K, File 487 of the Union County, Register of Deeds ("Lot 192"). Lot 192 appears on Exhibit A. Lot 192 was unencumbered property.

7. Prior to February 4, 2010, the Trustee entered into a contract for the sale of Lot 192 to third-party buyers for the sales price of $140,000.00 (the "Sale"). The negotiations for Lot 192 were conducted at arm's length and in good faith by all parties.

8. A closing of the Sale occurred on February 4, 2010, true copies of the Settlement Statement and Trustee's Deed are attached to the Motion as Exhibits B and C.

9. The proceeds from the Sale of Lot 192 are property of the estate of Marvin-Waxhaw.

10. Nolan and Marvin-Waxhaw each have assets, however, at times it is anticipated by the Trustee that cash-flow will be limited in one case or the other affecting the ability of the Trustee to meet bankruptcy-related expenses.

11. The Trustee has an immediate need to pay bankruptcy-related expenses and ordinary course of business expenses in the Nolan case which it presently does not have the ability to satisfy.

12. Marvin-Waxhaw has cash available at this time to make available to Nolan via an extension of credit for those expenses.

13. Section 364 of the Bankruptcy Code states, "[t]he court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b) of this title as an administrative expense."

14. The Trustee anticipates this type of issue may continue to arise as these cases move forward and asserts the best and most efficient avenue to address cash-flow issues as between Debtors is to have the ability for Nolan and Marvin-Waxhaw to extend unsecured credit to one another as administrative expenses when needed during the pendency of these cases up to a limit of $50,000 as is reasonably necessary.

15. As such transactions occur, the credits will be documented as between the entities by the Trustee.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

A. The Motion is granted;

B. The Trustee is authorized to sell any of the Lots reflected on Exhibit A attached to the Motion in the ordinary course of business pursuant to §363(c)(1) of the Bankruptcy Code so long as (i) the Lots are unencumbered, (ii) the Trustee pays in full from the proceeds of sale any lien on the Lots sold, or (iii) any lienholder has consented to the sale;

C. The Trustee is authorized to pay William J. Nolan, III a sales commission of 6% of the sales price to be deposited into his bankruptcy estate, less commission paid to other realtors, out of sale proceeds as Lots are sold by William Nolan;

D. The Sale of Lot 192 is approved;

E. The Trustee is authorized to enter into post-petition credit agreements on an unsecured basis as between the bankruptcy estate of Marvin Waxhaw Associates, LLC

and the bankruptcy estate of William Joseph Nolan, III and Martha Louise Hemphill-Nolan up to a limit of $50,000 as is reasonably necessary and the Trustee shall execute documentation of such consistent with the terms set forth herein; such unsecured debt shall be allowable as administrative expenses under section 503(b) of the Bankruptcy Code. The Court will hold a status hearing, currently scheduled for July 14, 2010, regarding this post-petition credit arrangement.

United States Bankruptcy Court

This order has been signed electronically.
The judge's signature and court's seal
appear at the top of this order.